# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs June 25, 2025[1]

## STATE OF TENNESSEE v. RANDALL C. JOHNSON

## IN RE: NASHVILLE BANNER

**Extraordinary Appeal by Permission from the Court of Criminal Appeals
Criminal Court for Davidson County
No. 2021-C-1591    Angelita Dalton, Judge**

_____

**No. M2024-00959-SC-R10-CO**

_____

JEFFREY S. BIVINS, C.J., concurring in part and dissenting in part.

I join in Justice Kirby's separate opinion.  I briefly write separately to emphasize my specific concern with the majority's unnecessary adoption of the compelling interest standard in this case.

Mine is a simple mind.  To me, if we have a simple answer in our cases that avoids possible unintended consequences in the future and avoids the creation of more questions than answers going forward, we almost always should take that option.  Here the simple answer is that under either a good cause standard or a compelling interest standard the records at issue in this case should not have been sealed and should not have remained sealed. End of case.[2]

---

[1] *Nashville Banner* filed a motion to submit this appeal for decision on the record and briefs.  We granted that motion on June 25, 2025.

[2] The majority effectively admits that the resolution of this issue is not necessary to decide this case. "To be sure, the manner in which this Court resolves an issue is a prudential matter left to the Court's discretion . . . ." Indeed, prior case law from this and other courts make clear that this discretion should be exercised in a cautious manner. See, e.g., City of Memphis v. Hargett, 414 S.W.3d 88, 102 (Tenn. 2013) (assuming that strict scrutiny applied when the parties had not specifically addressed which standard of review should apply and where the level of scrutiny was not determinative of the issues); Wright v. West, 505 U.S. 277, 295 (1992) (declining to decide the appropriate standard of review in a criminal case where there was "more than enough evidence" to support the conviction); State v. Spurlock, 874 S.W.2d 602, 619 (Tenn. Crim. App. 1993) (stating that the court need not determine which of two competing standards should apply where the "result reached would be the same" under either). To be clear, I do not dispute that the

Justice Kirby does an excellent job of spelling out a number of the future issues created and not resolved by the majority's opinion in this case. Justice Kirby also correctly points out the anomaly this case presents and the lack of vigorous opposing arguments on the issue of the appropriate standard to apply.

I continue to express my concern that I voiced in <u>Clardy v. State</u>, 691 S.W.3d 390, 412 (Tenn. 2024) (Bivins, J., concurring). Just as the majority did in that case, the majority here resolves an issue that is wholly unnecessary to decide this case. To my simple mind, that was not prudent in <u>Clardy</u> and is not prudent in this case.

S/JEFFREY S. BIVINS, CHIEF JUSTICE
JEFFREY S. BIVINS, CHIEF JUSTICE

---

majority has the authority and the discretion to resolve this issue in this appeal. However, possessing that authority and discretion and the wisdom in exercising that authority and discretion are two very different matters.